1

2                                   HONORABLE BARBARA JACOBS ROTHSTEIN

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    GINA BLOOM, an individual;              NO. 2:24-cv-02155-BJR

10
                              Plaintiff,
11                                           MOTION TO INTERVENE

12        v.

13   STATE OF WASHINGTON, a State
     organized under the republic of the
14   United States of America, SNOHOMISH               _____ FILED        _____ ENTERED
     COUNTY, a local governmental entity              _____ LODGED        _____ RECEIVED
15   operating in the State of Washington,
                                                         MAR 1 3 2025    MH
16   SNOHOMISH COUNTY SUPERIOR
     COURT, operating under the powers of                     AT SEATTLE
17   the State of Washington, and the County       CLERK U.S. DISTRICT COURT
                                              BY  WESTERN DISTRICT OF WASHINGTON
     of Snohomish, PAUL W. THOMPSON, in                                    DEPUTY
18   his official and individual capacity as
     Chief Presiding Judge of Family Court in
19   Snohomish County, and JACALYN
     BRUDVIK, in her official and individual
20   capacity, as a Commissioner for
     Snohomish County Superior Court,
21   JENNIFER LANGBEHN, in her official
     and individual capacity as Judge in
22   Snohomish County Superior Court.
23
                              Defendants.
24

25

26

27   MOTION TO INTERVENE          p. 1 of 9

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. INTRODUCTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Proposed Intervenor Brian Yorks, appearing pro se, respectfully moves this Court for leave to intervene in the above-captioned matter.

The Proposed Intervenor has a direct and substantial interest in the outcome of this case, as the relief requested by Plaintiff—if granted—could overturn prior court rulings that directly impact the Proposed Intervenor, leaving them without financial recourse.

While Plaintiff has since filed an amended complaint removing certain requests, that amendment has not yet been granted by the Court and could face objections from some or all Defendants. Even if the amended complaint is granted, the Proposed Intervenor's rights and legal standing remain at risk, making intervention necessary to ensure their interests are properly represented.

Additionally, this case essentially revolves around the legal proceedings of the Proposed Intervenor's divorce and related litigation. As a direct participant in those proceedings, the Proposed Intervenor is a subject matter expert who can provide the Court with firsthand knowledge and factual accuracy regarding key issues central to this case.

The Proposed Intervenor is not accused of any wrongdoing in this case and has no claims asserted against them by any party. Their sole purpose in intervening is to ensure factual accuracy and protect their legal and financial interests.

Furthermore, if Plaintiff prevails and receives financial compensation, the Proposed Intervenor must also be considered for equivalent relief. By default, the Proposed Intervenor was subject to the same legal conditions and circumstances as Plaintiff. If the Court finds Plaintiff's claims valid, then fundamental fairness requires that the Proposed Intervenor also be included in any relief granted.

Because the Proposed Intervenor is not a primary party to this litigation, they should not be subjected to discovery, depositions, or other burdensome legal obligations that would create undue hardship.

**Accordingly, the Proposed Intervenor requests that the Court:**

1. Grant this Motion to Intervene.
2. Explicitly prohibit any discovery, deposition, or testimony obligations for the Proposed Intervenor.
3. If the Court determines that some discovery is necessary, limit it to written interrogatories only, subject to prior Court approval and review by the defense counsel.

MOTION TO INTERVENE                    p. 3 of 9

## II. LEGAL STANDARD

### A. Right to Intervene Under Rule 24

Intervention is warranted under:

1. **Rule 24(a) (Intervention as of Right)** because the Proposed Intervenor's legal and financial interests are directly impacted by this case, and exclusion would impair those interests.
2. **Rule 24(b) (Permissive Intervention)** because the Proposed Intervenor possesses critical information that Plaintiff will withhold from the defense and that is relevant to the claims in this case.
3. **Under Rule 24, intervenors do not assume liability** for damages, judgments, attorney's fees, or any financial obligations merely by intervening.

### B. Court Authority to Limit Discovery Under Rule 26(c)

Under Federal Rule of Civil Procedure 26(c)(1), the Court has discretion to prohibit or limit discovery to prevent undue burden, harassment, or unnecessary litigation costs.

Additionally, Rule 33(a)(2) allows courts to substitute written interrogatories for oral depositions to reduce the burden on non-primary parties (*Fed. R. Civ. P. 33(a)(2)*).

MOTION TO INTERVENE                 p. 4 of 9

Federal courts have repeatedly held that intervenors do not automatically assume full discovery obligations and that written responses may be a suitable alternative to depositions:

- *Katz v. Liberty Power Corp.*, 2020 WL 3447769 (D. Mass. June 24, 2020) – Courts should favor written interrogatories over depositions when they serve the same purpose with less burden.
- *American Bird Conservancy v. FCC*, 516 F.3d 1027 (D.C. Cir. 2008) – Intervenors do not automatically assume full-party discovery obligations.

### III. BASIS FOR INTERVENTION

#### A. The Proposed Intervenor Has a Direct Interest in This Litigation

Even if the Court grants Plaintiff's amended complaint, Plaintiff's legal history strongly suggests that she will attempt to use any ruling in this case to reopen or influence other legal proceedings involving the Proposed Intervenor.

Additionally, Plaintiff and her attorney have not only misled the Court but have outright lied about key facts as example:

- **Guardian ad Litem (GAL) Selection:** Plaintiff has **lied and misrepresented** facts about how Brian Parker was chosen as GAL, and that the Proposed Intervenor paid for him. Brian Parker was paid 50/50 between

MOTION TO INTERVENE                    p. 5 of 9

the Proposed Intervenor and the Plaintiff. The Proposed Intervenor has documentation that provide an accurate account of the selection process, including with Plaintiff's own family law attorneys, which contradicts Plaintiff's claims.

**B. Plaintiff Has Already Attempted To Use This Federal Lawsuit Against The Proposed Intervenor**

Plaintiff has a documented history of abusing the legal system for personal gain, including a prior ruling against her for abusive use of litigation.

Plaintiff recently attempted to argue that this federal case justified moving an unrelated motion filed by the Proposed Intervenor in Snohomish County to a different venue. Fortunately, the Judge recognizing that he was not named in the federal lawsuit, and the matter was moving forward. However, this attempt clearly demonstrates that Plaintiff intends to use this case against the Proposed Intervenor in unrelated legal matters.

Because Plaintiff is already trying to manipulate other cases using this federal lawsuit, the Proposed Intervenor is clearly and directly impacted by this matter and must be allowed to intervene.

MOTION TO INTERVENE                    p. 6 of 9

**C. If Plaintiff Receives Financial Compensation, the Proposed Intervenor Must Be Considered for Equivalent Relief**

If Plaintiff prevails, the Court must recognize that the Proposed Intervenor was subjected to the same legal circumstances Plaintiff claims to have endured. If Plaintiff is entitled to damages, then the Proposed Intervenor must also be considered for financial relief as a similarly situated party. Denying intervention would unfairly prevent the Proposed Intervenor from seeking equivalent relief.

**D. The Proposed Intervenor Is Not Accused of Wrongdoing and Should Not Be Subject to Discovery**

There are no allegations of wrongdoing against the Proposed Intervenor. Because the Proposed Intervenor is not a primary litigant, they should not be required to participate in depositions or broad discovery.

Without intervention, the Proposed Intervenor risks legal and financial harm from a case in which they have a direct stake but no opportunity to defend their interests.

For these reasons, the Proposed Intervenor's intervention is necessary and appropriate to prevent misrepresentation, financial harm, and legal prejudice.

## IV. REQUESTED RELIEF

For the foregoing reasons, the Proposed Intervenor respectfully requests that the Court:

1. Grant this Motion to Intervene only if the accompanying Motion for Protective Order is also granted as written or with only minor modifications that do not impose unreasonable discovery obligations.

2. If the Court denies intervention, it shall do so without prejudice, allowing the Proposed Intervenor to refile a revised Motion to Intervene if necessary.

3. If the Court denies intervention, it shall provide guidance on any modifications necessary for reconsideration.

4. Explicitly prohibit any discovery, depositions, or document production from the Proposed Intervenor.

5. If the Court will not grant a complete discovery prohibition, order that any discovery obligations be limited to written interrogatories only, require prior Court approval for any requests, and mandate that responses be reviewed by defense counsel before disclosure.

6. If Plaintiff is awarded financial relief, the Proposed Intervenor must also be considered for equivalent financial compensation as a similarly situated party.

MOTION TO INTERVENE                    p. **8** of 9

7. Ensure that the Proposed Intervenor is not held responsible for any damages, judgments, attorney's fees, or other financial obligations arising from this litigation,

8. If the Court intends to impose any additional obligations on the Proposed Intervenor, allow them the option to withdraw this Motion to Intervene before final approval.

9. Grant any further relief the Court deems appropriate.

DATED this 13th of March 2025

Brian Yorks, pro se
1526 85th Ave NE
Lake Stevens, WA 98258
(206) 395-4501

MOTION TO INTERVENE                    p. 9 of 9

1

2                                    HONORABLE BARBARA JACOBS ROTHSTEIN

3

4

5

6

7                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE

9    GINA BLOOM, an individual;              NO. 2:24-cv-02155-BJR

10                              Plaintiff,

11                                           ORDER GRANTING MOTION TO
                   v.                        INTERVENE
12

13   STATE OF WASHINGTON, a State
     organized under the republic of the
14   United States of America, SNOHOMISH
     COUNTY, a local governmental entity
15   operating in the State of Washington,
     SNOHOMISH COUNTY SUPERIOR
16   COURT, operating under the powers of
     the State of Washington, and the County
17   of Snohomish, PAUL W. THOMPSON, in
     his official and individual capacity as
18   Chief Presiding Judge of Family Court in
     Snohomish County, and JACALYN
19   BRUDVIK, in her official and individual
20   capacity, as a Commissioner for
     Snohomish County Superior Court,
21   JENNIFER LANGBEHN, in her official
     and individual capacity as Judge in
22   Snohomish County Superior Court.
23
24                              Defendants.

25

26

27   ORDER GRANTING              p. 1 of 3
     MOTION TO INTERVENE
28

**ORDER GRANTING MOTION TO INTERVENE**

This matter, having come before the Court on Proposed Intervenor Brian Yorks' Motion to Intervene pursuant to Federal Rule of Civil Procedure 24, and the Court having reviewed the motion, all relevant filings, and being otherwise fully advised,

**IT IS HEREBY ORDERED THAT:**

1. Proposed Intervenor Brian Yorks is granted leave to intervene in this matter only under the condition that the Motion for Protective Order is also granted as written or with minor modifications that do not impose significant discovery obligations.

2. Proposed Intervenor's participation shall be limited to providing factual context relevant to the claims at issue.

3. Proposed Intervenor is not accused of any wrongdoing and shall not be held responsible for any damages, judgments, attorney's fees, sanctions, or other financial obligations arising from this litigation.

4. If Plaintiff prevails and is awarded financial relief, Proposed Intervenor shall also be considered for equivalent financial relief as a similarly situated party.

5. The Proposed Intervenor's participation in this matter shall not be used as a basis to impose financial responsibility for any claims, counterclaims, or relief sought by any party.

ORDER GRANTING                     p. **2** of **3**
MOTION TO INTERVENE

6. No discovery, depositions, or document production shall be required from the Proposed Intervenor.

7. If the Court determines that limited discovery is necessary, it shall be strictly limited to written interrogatories only, require prior Court approval before responses are required, and all responses shall first be reviewed by the defense counsel before being disclosed to any other party.

8. If the Court intends to modify the Protective Order in a way that would impose significant discovery obligations or financial burdens on the Proposed Intervenor, the Proposed Intervenor shall have the right to withdraw this Motion to Intervene before final approval.

9. Any violation of this Order shall be subject to appropriate sanctions as determined by the Court.

SO ORDERED this _____ day of _____, 2025.

_____
HONORABLE BARBARA J. ROTHSTEIN

Presented by:

BRIAN YORKS

_____
1526 85th Ave NE
Lake Stevens, WA 98258
(206) 395-4501
brian@yorksfamily.com

ORDER GRANTING                    p. 3 of 3
MOTION TO INTERVENE